# SUPREME COURT.

Joseph F. Loubat agt. Hermon R. Leroy, as treasurer of the Union Club.

*Clubs — Expulsion of members — Record of the proceedings of the club — Its effect as evidence — Action to restore an expelled member — Examination of witnesses as to the ground for expulsion — What questions are admissible — Examination before trial.*

In an action by a member of the Union Club, who has been expelled, to have the resolution of expulsion adjudged null and void:

*Held,* that the minutes and report in writing of the investigating and governing committee, is the best evidence of what took place in the meeting of such committees, and upon that the resolution of expulsion was based; and any statement of the witness (who was a member of the governing committee), as to what the committee determined by its action would be his opinion only, and as such is inadmissible. It should not be allowed to such a witness to place his interpretation upon or give his opinion of the proceedings and actions of the committee, which is evidenced by the writings:

*Held,* also, that it would be improper for this witness to state only his judgment as to what conduct on the part of the plaintiff he deemed to

be improper and prejudicial to the club. The vote is directed to be by ballot, and when the witness deposited his ballot he settled that question as far as he was concerned. He can no more be asked to state the particular ground upon which he based his judgment than a judge, a juror or arbitrator could, after judgment, be questioned as to the reason or basis of his determination..

*Held*, further, that the members of a committee of investigation or discipline should not be subjected to have their action or conduct in committee meetings, assembled for discussion and decision, made the subject of public discussion and comment. It would greatly embarrass them, and prove to be a restraint upon a free debate on the questions involved.

*Special Term, February*, 1883.

*Joseph H. Choate*, for plaintiff.

*E. Randolph Robinson* and *James C. Carter*, for defendant.

VAN VORST, J.— By its constitution, the government and management of the " Union Club " is confided to a committee of thirty-four of its members, to be known as the " governing committee." Amongst the powers of this committee is that " to admit members, and to expel or to suspend them by ballot." The committee was empowered to put an end to membership, for any conduct of a member improper and prejudicial to the club. By one of the rules of the club it is declared that the proceedings of the meetings of the committee " shall be held to be strictly private." The plaintiff, having been expelled, and as he claims in his complaint; improperly, brings this action, in which he seeks to have it adjudged that the resolution of his expulsion is null and void. The action is against the club, in the name of the defendant as treasurer. Before the trial, the defendant, the treasurer, was examined as a witness on the behalf of the plaintiff. By an order made by one of the justices of this court, the witness was directed, among other things, to produce upon the examination the minutes of the meetings of the governing committee, and of the sub-committee thereof, at which any proceedings were had with respect to the plaintiff's expulsion,

Loubat agt. Leroy.

with all statements in writing and reports of oral statements made to the sub-committee with respect to the plaintiff, together with the report made by the sub-committee to the governing committee. The witness produced upon the examination the minutes of the governing committee, which, as he stated, contained the entire action of the committee upon the plaintiff's case in the meetings held with respect thereto. He also produced the minutes of the proceedings of the investigating committee, or sub-committee, to whom it had been referred to investigate and report to the governing committee an exact statement of facts in relation to the difficulty existing between plaintiff and another member of the club, who were to be notified and an opportunity afforded them to appear before the sub-committee. The report of the proceedings of this committee to the governing committee was also produced by the witness, to which report is appended the evidence adduced with respect to the subject-matter referred to them. The minutes of the governing committee show that the report of the investigation committee was accepted by it, and that after debate a preamble and resolution was adopted in these words: " Whereas, upon the report of the committee, and the evidence adduced, it appeared that J. F. Loubat has been guilty of conduct improper and prejudicial to the club ; therefore, resolved that he be expelled from membership of the club." It appeared by the testimony of the witness Leroy that he is a member of the governing committee, and that he voted on the resolution and in favor of the plaintiff's expulsion ; he also acted upon the investigating committee. Upon his examination, under the judge's orders, the following question was put to the witness by the plaintiff's counsel :

" Q. Mr. Leroy, was any action taken by the governing committee which determined what conduct, on the part of Mr. Loubat, was deemed by them improper and prejudicial to the club ? "

This question was objected to by the defendant's counsel on

the ground " that the action of the committee must be deter-
mined from the documentary evidence of it; and secondly,
on the ground that it called not for any facts, but for the
opinion of the witness." I think the objection is well taken.
The minutes and reports, in writing, produced is the best
evidence of what took place in the meeting of the committee,
and upon that the resolution of expulsion was based; and
any statement of the witness, as to what the committee
determined by its action, would be his opinion only, and as
such was inadmissible. What is wanted, are the facts, not the
conclusions or judgment of the witness. If the papers pro-
duced do not show upon what facts the action of the commit-
mittee was based, and what it determined, the case of the
plaintiff to that extent would be established. And it will be
in time for him to offer evidence as to other and extrinsic
facts and matters, when it shall be decided that the defend-
ant may supplement its case by oral evidence, if it could ever
be so held. But clearly it should not be allowed to this wit-
ness to place his interpretation upon or give his opinion of
the proceedings and actions of the committee, which is evi-
denced by the writings. The plaintiff's counsel also asks the
witness this question :

" Q. What conduct on the part of Mr. Loubat did you, as
a member of the governing committee, deem to be improper
and prejudicial to the club ? "

This question was also objected to by the defendant's coun-
sel. It would be obviously improper, when the nature and
objects of this club are considered, as appears by its constitu-
tion and rules, a copy of which has been handed up with the
papers, as well as the relation of the governing committee
and its members to an inquiry so delicate and important to
all concerned, to oblige this witness now to state orally his
judgment as to what conduct on the part of the plaintiff, he
deemed to be improper and prejudicial to the club. The
vote is directed to be by ballot, and when the witness depos-
ited his ballot he settled that question as far as he was con-

cerned. He can no more be asked to state the particular ground upon which he based his judgment than a judge, a juror or arbitrator could, after judgment, be questioned as to the reasons or basis of his determination.

I shall not in *this connection*, lay any emphasis upon the requirement of the rule that the proceedings of this committee are to be regarded as "private," or in their nature confidential. Such privacy, I am sure, could not be interposed to shield proceedings so important in every view to character and reputation, if they were not taken in good faith, or were not fairly and equitably carried on. But in this instance the proceedings of the committee itself, with the facts before it, are already in evidence. And if the plaintiff's contention be correct — that no sufficient cause for the expulsion is shown by the record produced, in any fair light in which it can be considered — then, also, is his case made out to that extent, and he needs no further evidence. But it does not seem to me to be proper to allow a member voting on a resolution of this nature, with the other members of a committee of which he formed a part, to select from the facts submitted to the committee, such as he deemed to be prejudicial, and to testify in respect thereto. In inquiries of this character, one member of a committee may consider, of the matters brought before it, that the conduct of a person under investigation is reprehensible and prejudicial in respect of some particular fact, act or omission, while others may place their judgment upon the whole case. The true question is, as it appears to me, if the action of the committee may be revised here, as far as this point is concerned, does the report of facts upon which the committee proposed to act contain any evidence of conduct on the part of the plaintiff "improper and prejudicial to the club ? "

The objection to the question last above stated is, therefore, sustained ; and, for the same reason the following questions must be excluded :

Q. What conduct on the part of Mr. Loubat did you, as

a member of the governing committee, deem to be improper and prejudicial to the club?

Q. For what cause did you vote for the expulsion of Mr. Loubat?

Q. Did you, as a member of the governing committee, deem the fact that Mr. Loubat had, in private conversation in the club house, used improper language, a cause for expulsion?

Q. Did you, as a member of the governing committee, deem the writing of Mr. Loubat's letter to Mr. Turnbull a cause for expulsion?

Q. Did the governing committee decide that that was a cause for expulsion?

Q. Did the governing committee decide that the communication by Mr. Loubat, of his letter to certain persons, was cause for expulsion?

The witness having, in answer to a question, said that he could not answer as to how Mr. King, a member of the committee, had voted on the resolution of expulsion, was asked these questions:

Q. Have you heard him say whether he was or not?

Q. Did Mr. King, before the governing committee, advocate the expulsion of Mr. Loubat?

Q. The minutes say that several members spoke on one side or other; was not Mr. King one of those who spoke, according to those minutes, upon the side for expulsion?

Such line of inquiry is open to the objection that it violates the sanctity of such proceedings, and would disturb their efficiency and is clearly opposed to the policy out of which such investigations originate, and by which they are to be conducted. Such investigations are in their nature judicial. If members of a committee of investigation or discipline are subjected to have their action and conduct in committee meetings, assembled for discussion and decision, made the subject of public discussion and comment, it would greatly embarrass them, and prove to be a restraint upon a free debate

on the questions involved. It would be a check upon an inquiry after the truth and a hinderance to the application of appropriate remedies. What member of a club would be willing to serve on a committee of the character of the one under consideration, if his remarks, made in the privacy of a meeting for discussion and decision, or his vote even, was liable to be made public? It is not to be supposed that proceedings of this character are conducted according to the rigid rules and forms which belong to proceedings in courts of law, which are in general open to the public, nor to the quality of the evidence upon which the committee in the end makes its decision. With the result of the discussion, as expressed by the vote, so that it be carried by the requisite number, the parties must be satisfied. The proceedings must be just and fair and initiated upon reasonable grounds, and be conducted upon adequate notice and in good faith. And in any event, to extend the inquiry as to the action or influence of any member of a committee in the deliberations of the body, the evidence of bias, partiality, relationship or prejudice, must be first established by extrinsic facts. The question of notice is always an important one in cases of this kind, and in this view I think the question addressed by the plaintiff's counsel to Mr. Leroy — in these words, " Q. Did the investigating committee make any other communication to Mr. Loubat than the letter from its chairman, of which a copy is set forth in the complaint in this action?"— was proper and should have been answered. But the last question to which an objection was taken, on page 13 of the examination, is disallowed, for the reasons above stated. If a notice of the final meeting of the governing committee to the plaintiff, when the report of the sub-committee was acted upon, was necessary, either to give jurisdiction to the committee, or to render its proceedings regular, the failure to give such notice will doubtless be affirmatively proved.

I think this disposes of all the questions raised during the examination of this witness, so far as it has proceeded.

I have endeavored to avoid any expression which might be regarded as bearing upon the merits of this controversy, and have confined myself only to such matters as were discussed on the hearing of this motion.